6 N.J. Super. 243 (1950)
71 A.2d 133
BRIDGET COLLUM, PLAINTIFF-RESPONDENT,
v.
GENEVIEVE MARIE DEANE AND MARSHALL DEANE, HER HUSBAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided January 30, 1950.
*244 Before Judges JACOBS, DONGES and BIGELOW.
Mr. James A. Major argued the cause for plaintiff-respondent (Messrs. Major & Carlsen, attorneys).
Mr. Milton T. Lasher argued the cause for defendants-appellants (Mr. Vincent J. Aiken, attorney).
The opinion of the court was delivered by DONGES, J.A.D.
This is an appeal from a judgment of the Superior Court, Chancery Division, which set aside a deed from the plaintiff to the defendant, Genevieve Marie Deane.
The plaintiff, a widow 76 years of age, is the mother of the defendant, Genevieve Marie Deane. Prior to September 21, 1944, the plaintiff was the owner of a house in the Borough of Fort Lee. The house contained several apartments, and plaintiff resided in one of these with her daughter, Mrs. Deane, who was then Genevieve Collum. Two sons of the plaintiff, with their wives, occupied the other apartments.
Genevieve, who was employed during the daytime, cooked and did the housework for herself and her mother and supplied her mother with such other attention as her mother's condition rendered necessary. It appeared that the plaintiff was practically blind and needed a great deal of attention.
Shortly before September 21, 1944, plaintiff summoned an attorney to prepare a deed conveying the house in which she resided to Genevieve Collum and James Collum, a son of plaintiff. The reason given for the conveyance was that James and Genevieve had cared for her over a long period *245 of time. It appeared that the plaintiff had in the past executed several wills, and that the attorney, at that time, suggested a will instead of a deed. Plaintiff, however, insisted upon a deed, saying that the grantees would continue to look after her. The attorney then sought unsuccessfully to persuade plaintiff to withhold the deed from record. It appears, however, the attorney did not tell the plaintiff that the effect of the deed would render her destitute and dependent upon the charity and good will of her children. Nor was plaintiff advised that she could or should insert a power of revocation in the deed or that she could reserve a life estate.
The deed has been in Genevieve's possession since shortly after its execution. Some time thereafter, plaintiff and Genevieve had a dispute and plaintiff made a demand for the return of the property. It appears that James reconveyed the interest he received, but Genevieve refused to do so.
It further appears that Genevieve has contributed a large amount of money for medical expenses for her mother and also contributed towards her support.
The court below set aside the deed on the ground that the deed was executed by plaintiff to her children without competent advice as to the nature and effect of the deed.
Defendant contends that a relationship of trust and confidence did not exist between plaintiff and defendant, and, further, that plaintiff had competent advice in this transaction.
Defendant further contends that should the conveyance be set aside, then the mother should be required to make an adequate allowance for the services rendered and the expenditures made for medical bills and household necessities.
Aside from the fact that plaintiff and defendant are mother and daughter, there is sufficient competent evidence in this case to show that a relationship of trust and confidence existed. The plaintiff is a woman of advanced years, practically blind, and otherwise physically disabled. The defendant had shared plaintiff's apartment for 28 or 29 years and had rendered her many services. She gave plaintiff insulin injections for a period of years and was practically plaintiff's "eyes" when plaintiff's eyesight failed. She had contributed to plaintiff's *246 support and plaintiff was dependent upon her. Under these circumstances it can not be doubted that a relationship of trust and confidence existed between the parties and that the daughter was the dominant figure.
In view of the fact that there is not the slightest suggestion on the record of undue influence, it becomes necessary to determine whether plaintiff had the benefit of advice, which was both independent and competent, to make her understand the nature and effect of the conveyance.
The absence of competent and independent advice will invalidate a deed of gift which contains no power of revocation, where a relation of trust and confidence exists between the donor and donee, and where the gift is improvident. Slack v. Rees, 66 N.J. Eq. 447 (E. & A. 1903); Post v. Hagen, 71 N.J. Eq. 234 (E. & A. 1906).
In a case such as this, the aged must be protected from their own improvidence in stripping themselves of all they possess, unless they have independent advice, by competent and disinterested counsel, of all the possible consequences of their acts. Diebold v. Roder, 117 N.J. Eq. 289 (Ch. 1934). The purpose of this rule, as stated by Chief Justice Gummere in Slack v. Rees, supra, "is not so much to afford protection to the donor against the consequences of undue influence exercised over him by the donee as it is to afford him protection against the consequences of voluntary action on his part, induced by the existence of the relationship between them, the effect of which, upon his own interests, he may only partially understand or appreciate."
While it is clear from the testimony that plaintiff received independent advice, we are convinced that the advice was not competent to make her understand the effect of the deed. This property was all she possessed. She was not informed that the execution of this deed would render her destitute. Nor was she informed of the various ways in which she might retain control or dominion over the property during her lifetime.
We agree with the court below that the deed must be set aside.
*247 The remaining question is whether plaintiff should be compelled to make an adequate allowance to defendant for services rendered and the expenditures made on behalf of plaintiff for medical bills and household necessities. This issue was not raised nor considered below.
The record is barren of any contract or of circumstances from which a reasonable and proper expectation of remuneration can be found. There were undoubtedly reciprocal acts between the parties, and any moneys expended by either on behalf of the other were expended because of mutual love and affection, and not because of any expectation of reward or remuneration.
The judgment under review is affirmed, without costs.