205 N.J. Super. 577 (1985)
501 A.2d 593
FLORENCE P. PETRUCCIO, PLAINTIFF-RESPONDENT,
v.
JAMES R. PETRUCCIO, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1985.
Decided December 9, 1985.
Before Judges FURMAN, PETRELLA and ASHBEY.
Anthony J. DeLellis argued the cause for appellant.
*578 Neal S. Solomon argued the cause for respondent (Pellettieri, Rabstein & Altman, attorneys, Ruth Rabstein of counsel; Ruth Rabstein and Neal S. Solomon on the brief).
The opinion of the court was delivered by PETRELLA, J.A.D.
Defendant James R. Petruccio, Jr., the son of plaintiff Florence P. Petruccio, appeals from the judgment of the Chancery Division invalidating as an improvident gift a conveyance of plaintiff's home to her son. Plaintiff was ordered to return the $10,000 deposit that her son had given her, and defendant was ordered to vacate the premises upon return of the deposit and to turn over possession of the property to plaintiff. Defendant appeals, asserting that the deed is not voidable absent a dominant confidential relationship or exertion of undue influence. We affirm.
Most of the relevant facts occurred following the sudden death of plaintiff's husband, James R. Petruccio, Sr., on March 13, 1984. The residence in which plaintiff and her husband lived at 160 Glenview Drive, Lawrence Township, had been owned by them as tenants by the entirety. In his will, Petruccio, Sr. left all of his property to Florence Petruccio, his wife of 45 years. At the time of his death Florence was 66 years old. Just before Petruccio, Sr.'s death, defendant took up residence at the Glenview Drive house with his girl friend, Susan Tuscano. After the death of his father, defendant started discussions with his mother regarding conveyance of her residence to him. Plaintiff testified that during the 1 1/2 months after her husband's death, although she and her son had talked about transferring title to the home, and she was thinking about selling the house to him, she did not decide to nor did she say she would sell it to him until being presented with papers at his attorney's office on May 4, 1984. The trial judge found that defendant had orally promised that plaintiff would be permitted to reside in the premises during her lifetime.
*579 Defendant testified that his mother had agreed to sell him the house and that he then immediately called his attorney and had him draw up the papers for the transfer. He brought his mother to the attorney's office that same day. Plaintiff conveyed the property to defendant on May 4, 1984 for $10,000 and an unsecured promissory note for $40,000, without interest and without a due date. Plaintiff valued the house at $100,000, while defendant estimated its value to be between $70,000 and $80,000.
Soon after the conveyance, defendant and his girl friend commenced moving plaintiff's belongings out of the house and began taking over the entire residence. Towards the end of July 1984, defendant and his girl friend informed plaintiff that they wanted her out of the house.
Plaintiff concluded that defendant was apparently angered that his father's will had not left the house to him. But even the deed between the parties which was set aside by the trial judge recited that plaintiff and her husband had owned the property as tenants by the entirety, and thus she would have been sole owner of the property without regard to any devise by way of a will.
When the transfer of title occurred on May 4, plaintiff was not represented by an attorney. Defendant's attorney testified that he did not explain to her that she was conveying substantially all of her assets, that this could be an improvident transfer, or that she should obtain independent legal advice. Defendant's attorney testified that he was aware that his transaction could possibly be invalidated under what he referred to as the "Improvident Gift Act," and he therefore prepared a letter dated May 4, 1984 which he had his client's mother (plaintiff) sign. That letter, which does not refer to the promissory note of the same date states:
To whom it may concern:

*580 This letter is to certify that the transfer of my residence located at 160 Glenview Drive, Lawrence Township, Mercer County, New Jersey to my son James R. Petruccio, Jr. is done and made as a gift to him based upon mutual love, devotion and support to myself and his deceased father, James R. Petruccio, Sr.
This is also to indicate that this transfer is being made upon my own free will and not the result of any force, threat or coercion. The purchase price of $10,000.00 is based upon my agreement with my son to receive a cash payment towards my support and the rest is to be deemed a gift as stated in the above paragraph.
Contradictory testimony was presented. After considering all the evidence the trial judge found that on May 4, 1984 plaintiff had been taken to the office of her son's attorney under the pretext of signing inheritance tax forms, and that she had no idea the documents for transferring her home would be presented to her. He also found that a relationship of trust and confidence existed between the parties to the transaction as mother and son. The judge also noted that the transfer took place virtually immediately upon the death of her long-time husband and while the plaintiff was still grieving from her loss. With respect to the relationship between the parties, the judge specifically found that the son had the dominant part in the relationship and that the transfer was improvident because it constituted more than 80% of plaintiff's assets. Moreover, aside from the fact that plaintiff had no independent legal advice, the deed failed to contain proper protection to permit plaintiff to remain in the house for life and included no power of revocation.
We conclude that the judge's findings are amply supported by the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974). It is clear that defendant, as the person occupying a position of trust, has the burden of showing affirmatively that no deception was practiced with respect to the transfer, that no undue influence was used, and that all was fair, open and voluntary as well as understood. Seylaz v. Bennett, 5 N.J. 168, 173 (1950); Podkowicz v. Slowineski, 44 *581 N.J. Super. 149, 155 (App.Div. 1957), certif. den. 25 N.J. 43 (1957). Clearly defendant had not shown that those criteria have been met. On the other hand, plaintiff clearly established to the trial judge's satisfaction by a preponderance of the evidence that the reverse existed as to all except perhaps undue influence.
Thus, as the judge properly held, the gift was improvident and should be set aside. We reject defendant's contention that undue influence must actually be shown to have been exerted before an improvident gift can be voided. It was indicated in In re Fulper's Estate, 99 N.J. Eq. 293, 314-315 (Prerog. 1926), in the alternative that there may be undue influence ("overmastering influence") or "`weakness, dependence or trust justifiably reposed.'" Here, there was a confidential relationship established and the alternative factors existed. The absence of competent and independent advice where there was a relationship of trust and confidence warranted the setting aside of the deed. Collum v. Deane, 6 N.J. Super. 243, 246 (App.Div. 1950); Miller v. Miller, 138 N.J. Eq. 225, 229 (E. & A. 1946). Although we are satisfied that it was not necessary for plaintiff to affirmatively establish undue influence to sustain the decision of the Chancery judge, we note that certain cases also indicate that under circumstances, including relationships of trust, inadequate explanation and absence of independent advice, a presumption of undue influence arises. See, e.g., In re Dodge, 50 N.J. 192, 227-229 (1967); Seylaz v. Bennett, supra, 5 N.J. at 173; Miller v. Miller, supra, 138 N.J. Eq. 225; In re Fulper's Estate, supra, 99 N.J. Eq. 293.
In summary, the relationship of trust, which plaintiff justifiably reposed in defendant, the inadequate explanation of the consequences of her act, and the lack of independent legal advice warranted setting aside the conveyance as improvident.
Affirmed.